UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY JOE FULTON, | ) | CV F 03 6949 REC DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION |
| v. | ) | |
| MCI WORLDCOM, INC., et al., | ) | |
| Defendants. | ) | |

BACKGROUND

Plaintiff BILLY JOE FULTON ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his initial complaint on January 5, 2004, and alleged claims of antitrust and monopoly against Defendants MCI Worldcom, Inc., the California Department of Corrections ("CDC"), and Does 1-25. He alleged that the CDC has a contract with MCI to provide telephone services to inmates; that MCI "has enacted a collect telephone service system in which they have formed a monopoly, in that inmates whose called parties do not have MCI billable service [c]annot utilize the telephone system provided to them by the Department because MCI . . . has placed a 'Block' on such calls." Plaintiff alleged that he could not contact his attorney or his family.

On January 16, 2004, the Magistrate Judge recommended that the Court dismiss the action without leave to amend based on Defendants' immunity under the Sherman Act.  On January 28, 2004, Plaintiff filed objections.  He did not object to the dismissal of his monopoly and antitrust claims, but objected to the recommendation of dismissal without leave to amend. He contended that he may be able to state a First Amendment violation and that he would not name the CDC as a defendant if leave to amend was granted.

On March 9, 2004, the Court granted Plaintiff leave to amend based on the possibility that he may be able to state a claim for relief for violation of his rights under the First Amendment.  Plaintiff was advised to proceed under 42 U.S.C. § 1983.  He was also advised that the CDC is immune pursuant to the Eleventh Amendment.

On March 24, 2004, Plaintiff filed a First Amended Complaint alleging violation of his First Amendment rights under 42 U.S.C. § 1983.  On April 12, 2004, the Court directed the Clerk to redesignate the case to reflect that it is a prisoner civil rights action involving conditions of confinement.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## DISCUSSION

In his First Amended Complaint, Plaintiff names Jeanne Woodford, the acting director of the CDC, MCI Worldcom, and Does 1-10 as Defendants.  He alleges that the Director of the CDC has contracted with a vendor that violates his First Amendment right to use the telephone. He alleges that MCI has a policy of refusing collect telephone service to individuals who do not have MCI service, rendering him unable to speak to his family or attorney.  He seeks (1) an order

1  from the Court ordering the State to terminate its contract with MCI, unless MCI makes calls
2  available to all inmates; (2) monetary damages in the amount of $10,000; and (3) punitive
3  damages according to proof.
4        To the extent plaintiff alleges the director's choice of long distance carrier deprives him
5  of telephone access to his family and attorney, these allegations also fail to state a cognizable
6  claim for relief.  The Ninth Circuit has held that prisoners and pre-trial detainees have a First
7  Amendment right to telephone access.  *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir.
8  1986).  This right, however, is "subject to rational limitations in the face of legitimate security
9  interests of the penal institution." *Id.* "If the limitations on access are reasonable, there is no first
10  amendment violation." *Id.*
11        In *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir 2002), *cert. denied*, 538 U.S. 1047, 123
12  S.Ct 2110, 155 L.Ed.2d 1087 (2003), the Court decided that the First Amendment right at issue
13  was really "the right to communicate with persons outside prison walls" and that the use of a
14  telephone is merely one means of exercising this right.  *Id*. at 1048.
15        The facts alleged in plaintiff's amended complaint do not demonstrate a violation of
16  plaintiff's First Amendment right to communicate with persons outside the prison.  Plaintiff was
17  not denied the right to communicate, at most, he was denied his choice of communication.  The
18  First Amendment does not require that prisoners have their choice of telephone services or that
19  they be given a specified rate for their telephone calls.  *See Johnson v. California*, 207 F.3d 650
20  (9th Cir. 1999).
21        It is therefore RECOMMENDED that plaintiff's amended complaint be dismissed for
22  failure to state any claims upon which relief may be granted.  In light of plaintiff's inability to
23  cure the defects which were present in his original complaint, further leave to amend should not
24  be granted and this action should be dismissed in its entirety.
25        These findings and recommendations will be submitted to the United States District
26  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
27  thirty (30) days after being served with these findings and recommendations, the parties may file
28  written objections with the court.  The document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations."  The parties are advised that failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
3  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4       IT IS SO ORDERED.
5       **Dated:    May 19, 2006**              **/s/ Dennis L. Beck**
   3b142a                                UNITED STATES MAGISTRATE JUDGE

4